## Case No. 11,687.

REISSNER et al. v. ANNESS et al.

[13 O. G. 7.]

Circuit Court, D. New Jersey. 1877.

PLEADING IN EQUITY—REPLICATION TO PLEA—EFFECT OF—TAKING TESTIMONY—RIGHT TO OPEN AND CLOSE.

1. Where a replication is put in to a plea, the parties proceed to the examination of witnesses in the same way as in case of a replication to an answer.

2. This course having been prescribed by order of the court, a motion to revoke was denied.

[This was a bill in equity by Christoph Reissner and others against S. W. Anness and others for the infringement of reissued letters patent No. 7,751, granted to J. A. Fray June 19, 1877, the original letters patent, No. 156,149, having been granted October 20, 1874. The defendants filed a plea containing three separate and independent defenses. The court ruled that they must elect which one they intended to stand by and strike out the other two. Case No. 11,686. They elected to stand on their second defense, which was that new matter had been introduced into the reissue which was not shown and described in the original patent. An order was made as to the taking of testimony, which order the defendants now attempt to have revoked.]

B. F. Lee, for complainants.
A. Briesen, for defendants.

[For final decision, in favor of plaintiff, see Case No. 11,688.
[For another case involving this patent, see Reissner v. Sharp, Case No. 11,689.]

## Case No. 11,688.

REISSNER et al. v. ANNESS et al.

[3 Ban. & A. 176; [1] 13 O. G. 870.]

Circuit Court, D. New Jersey. Dec., 1877.

PATENTS — REISSUE — DIFFERENT INVENTION — BURDEN OF PROOF—PRODUCTION OF MODEL.

1. Proofs necessary upon the trial of an issue raised by a plea alleging new matter in a reissue, considered.

2. The presumption of law is always in favor of the validity of the reissue.

3. The burden of proving that the reissue is for an invention different from the original is upon the party alleging it.

4. Where the question of the validity of the reissue is before the court as a matter of construction of the original and reissued patent, it is allowable to produce the patent office model filed with the application for the original, to aid in determining what was described in such original patent.

[Cited in Dederick v. Cassell, 9 Fed. 308.]

[This was a bill in equity by Christoph Reissner and others against S. W. Anness and others for the infringement of reissued letters patent No. 7,751, granted to John A. Frey June 19, 1877, the original letters patent, No. 156,149, having been granted October 20, 1874. The defendants pleaded to the bill, but the court held the plea to be multifarious, and required them to elect as to the ground of defense. Case No. 11,686. They afterwards claimed the right to open and conclude proofs, but this was denied. Id. 11,-687. The cause is now heard for final decree.]

B. F. Lee, for complainants.
A. V. Briesen, for defendants.

NIXON, District Judge. The bill of complainants charges the defendants with the infringement of the reissued letters patent No. 7,751, for "improvement in coal-oil stoves," granted to the complainants June 19, 1877. The defendants have not answered, but have put in a plea founded upon section 4916 of the Revised Statutes, which provides that,

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

upon a reissue, no new matter shall be introduced into the specification. The plea is as follows: "That in the specification of the reissued letters patent set forth in the bill of complaint new matter has been introduced which was not shown or described in the original letters patent, and that said reissued letters patent have therefore been wrongfully issued, and are void and of no effect. The new matter so introduced into the specification of said reissue is all matter relating to 'tubes,' which are therein described as containing the shafts of the wick wheels." The complainants have filed a replication, admitting the sufficiency of the plea, but denying its truth in fact. This, therefore, is the only issue between the parties.

The only proofs in the case have been offered by the complainants. They consist of the original letters patent; a certified duplicate of the model filed in the patent office upon application for the same; the reissued letters patent; and the testimony of John A. Frey, the patentee and one of the claimants. The defendants cross-examined this witness, and also exhibited the original letters patent of the complainants, and the reissue on which the suit was brought, and then closed their case. Unless, therefore, it appears, on a comparison of the reissued letters patent with the original patent, as a matter of legal construction, that the reissue is not for the same invention, and contains matters not described or indicated in the original, or unless the introduction of new matter can be properly inferred from the testimony of the patentee, the defendants have failed to support their plea, and there must be a decree for the complainants. The presumption of the law is always in favor of the validity of a reissue. Any one alleging the contrary must show that it is for a different invention by satisfactory proof, or point out the new matter which constitutes the difference.

The complainants insist that the drawings and specifications of the original patent show the tubes that contain the shafts of the wick-wheel, which the defendants allege to be the new matter in the reissue, and the testimony of Mr. Frey seems to support the insistment. But, in addition to this, they produce a certified duplicate of the model which was filed in the patent office accompanying the drawings and specifications of the original patent, and this model plainly exhibits the tubes.

The counsel for the defendants objects to a resort to the patent office model in determining what was described in the original patent. But this is clearly allowable. The object of the reissue, and the reason why the right is given, are to correct defective or insufficient specifications, whereby the patent is inoperative or invalid, and anything appearing in the model, which is the embodiment by the patentee of his invention, can hardly come within the designation of new matter in the reissue, because it is not fully described in the claim, specifications and drawings of the original.

The supreme court, in Seymour v. Osborne, 11 Wall. [78 U. S.] 545, in considering the differences between the reissue and the original patent, which would render the former void, say, that the patentee, under an application for a reissue, cannot make "material additions to the invention, which were not described, suggested, nor substantially indicated in the original specifications, drawings, or patent office model." And the justice and judge of this circuit, in Parham v. American Buttonhole, etc., Co. [Case No. 10,-713], said that the alleged discrepancy between the original patent and the reissue is not to be determined "by a reference exclusively to the two specifications; the drawings and model filed with the original specification are also proper subjects of consideration, and are often of decisive weight." Nor do I find any evidence in the examination or cross-examination of the witness Frey which tends to establish the truth of the plea.

Upon the issue made by the pleadings there must be a decree for the complainants, with costs, and it is ordered accordingly.